At the present term, the opinion of the Court, was delivered by
Hornbloweb, C. J.
The counsel for the appellee moved to dismiss the appeal, on two grounds: 1st. Because the affidavit was not subscribed by the appellants, and 2dly. Because the contents of the affidavit were not in conformity with- the requirements of the statute, {Harr. Comp. 7.) — Which motion, the Court of Common Pleas sustained, and dismissed the appeal.
The affidavit is as follows ; “ Hunterdon county state of New-Jersey. Personally appeared before me P. F. Hawk, justice of the peace, David Hitsman and Wilson Burget, the defendants in the within stated appeal, and each being duly sworn on their oath saith, that they do not take or prosecute the appeal on account of fraud or delay, but verily believe that they have a just and lawful cause on the merits.” To which affidavit the justice has added the usual certificate, “ Sworn and subscribed before me &c.” and has signed his name; but it is not subscribed by the persons named in it.
The language of the statute is, “ the party demanding the appeal, shall at the time &c. also file with him (the justice) an affidavit, made by the said party, stating &c.
An affidavit, is an oath in writing; generally speaking, it is an oath in writing, sworn before some person who hath authority to administer such oath, 1 Jae. Law die. tit. affidavit p. 60. 3 Bl. Com. 304. It is not necessary to constitute it an affidavit, that it should be signed by the party. He must make it, that is he must swear to it, and it must be in writing. In other words, it must be his oath in writing — and to entitle it to be read in Court, the fact that it was sworn to by the party, whose oath it purports to be, must bo certified by the officer before whom it was taken: Which certificate is commonly called, the Jurat, *126 and must be signed by such officer. This certificate however, is no part of the affidavit. It is only the prima facie, and competent evidence, that it is the affidavit of the person by whom it purports to have been made. An affidavit need not be signed by the party making it, unless the statute as is frequently the case, directs it to be so signed, or unless the case comes within 'some rule of Court requiring such signature, [Harr. Dig. tit. affidavit 25.) This objection therefore ought not to have prevailed ; though it is no doubt very proper that every officer before whom an affidavit is made, should require the party sworn, to subscribe his name to the body of the affidavit.
The second objection, is I apprehend more fatal. Notwithstanding I have heretofore intimated that too much strictness had been required by this Court in the phraseology of the affidavit, in the case of Engle v. Blair, 6 Halst. R. 339, yet I never intended to sanction so wide a departure from the directions of the statute, as has been made in this case. In the Steamboat &c. v. Baldwin, 2 Green’s R. 440, I did say that if the appellant should swear, that the appeal is not prosecuted for delay; and that he believes he has a just and legal defence, or ground of appeal, on the merits, I should hold it sufficient. I say so still: but such is not the affidavit in this case. It differs in two important particulars; not only from the directions of the statute, but from what I stated, in the case last cited, would be sufficient. The affidavit in this case is, not that the appeal is not prosecuted “ for delay ” — but that it is not prosecuted “ on account of delay.” This is too indefinite — again, they do not say, that they believe they have a just and legal defence to make, or a just and legal ground of appeal, on the merits of the case: but that they have a just and legal “ cause on the merits “ cause” of what ? “On the merits,” of what? This is too broad a departure from the directions of the statute, to be sanctioned by this Court. The mandamus must therefore be denied.
Ford and Ryersoít Justices, concurred.

Mandamus denied.

Cited in Hamilton v. Peacock, 3 Harr. 436.